## No. 706

### WHEELER v. WANNAMAKER

Ohio Appeals, Third District, Putnam County
No. 106. Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

195. FRAUD.

Evidence necessary to set aside a conveyance for fraud—Necessary to prove more than falsehoods—Deception necessary.

HUGHES, J.

Epitomized Opinion

Action to partition real estate. Wheeler claims one-eighth interest and as a basis thereof asks the court to cancel a quit claim deed signed by her in 1897 for the conveyance of this interest. The fraud complained of is that Wheeler's father said to her that if she would sign the paper or statement it would avoid trouble and humiliation. The deed was signed, acknowledged and witnessed. It remained on record for many years. Wheeler testified she never acknowledged the signing of the deed before witnesses or the justice of the peace. Her father testified that he told her it was to quiet the title. She testified that he told her it was to correct a deed her mother had made. In finding against Wheeler, the Court of Appeals held:

1. It is necessary to prove fraud by clear and convincing evidence before a deed can be canceled and title to property re-established.

2. To set aside or cancel a conveyance on the ground of fraud it is necessary to prove more than that a false statement has been made or that the plaintiff was misled and deceived to her prejudice by such and that had it not been for such deceit she would not have done that which she did and now complains of and seeks relief from. There is nothing in this record that proves these essential elements of fraud.

Attorneys—W. H. Kinder. J. N. Doty, A. H. Straman, for Wheeler; W. H. Handy, B. A. Utverferth, for Waenamaker.

## No. 707

### COPELAND v. MARION (City)

Ohio Appeals, 3d District, Marion County
No. 586. Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

59. MUNICIPAL LAW.

Ordinance—(1) Constitutionality of weed ordinance—(2) Fact that vegetation was growing prior to passage of ordinance does not render ordinance retroactive.

CROW, J.

Epitomized Opinion

Copeland was convicted of violating an ordinance of the City of Marion, which ordinance made it unlawful for a person having control of any land within the City to suffer the same or any part thereof to become overgrown with noxious weeds, grass, or other vegetation. The plaintiff prosecuted error, claiming the ordinance was unconstitutional in that it was violation of fundamental rights of an owner of real estate. In sustaining the conviction, the Court of Appeals held:

1. That the ordinance did not violate any provisions of the state or federal constitution, but was a valid exercise of the police power.

2. The fact that the vegetation was growing prior to the passage of the statute did not render the ordinance retroactive, as the ordinance did not intend to punish any past act, but to punish individuals who violated the ordinance by permitting previous vegetation to remain.

Attorneys—Scofield, Durfee & Harder, for Copeland; George T. Geran, for City of Marion.

## No. 708

### WAGNER STONE CO. v. DAWLEY et al

Ohio Appeals, 3d District, Seneca County
No. 129. Decided February 8, 1923

This opinion has not been published except in Abstract.

259. MUNICIPAL LAW.

(1) Members of council are not officers of corporation within meaning of GC. 17—(2) Only those contracts executed by an administrative officer come within section 17 GC.—(3) Individual liability of members of municipal council.

WARDEN, J.

Epitomized Opinion

This was an action by the Wagner Stone Company against the Village of Green Springs, Ohio, and its officials, including the mayor and the council, to recover the sum of $457.57 for stone and materials delivered to the City for road work. This suit was brought against these officials in their individual capacity. This material was contracted for by the City officials after a resolution for improvement of certain streets in Green Springs. Ohio, had been passed by the council. The material was furnished by the plaintiff, but before the money had been appropriated for the payment of the stone, each one of the defendants demurred to the petition for the reason that it did not state sufficient facts to constitute a cause of action. As the demurrers were sustained, the plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The members of the council of a village are not officers or agents of a municipal corporation, in the sense in which those terms are used in Section 17, General Code of Ohio.

2. The contract of a municipality referred to in said section is a contract executed by an administrative officer.

3. The members of the council of a village, by the passage of a resolution to purchase stone for street improvement, and authorizing the mayor to enter into a contract in the name of the village, for such purposes, do not thereby become individually liable under the provisions of said section.

Attorneys—Ritter & Hutchins, James D. Watson, for Wagner Stone Co.; J. F. Royer, for Dawley et al.